**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABDEL MALEK AL SAFYA,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et. al.,<br>Respondents. | ) | Civil No. 26-2024 |

# MEMORANDUM OPINION

Pending before the court is a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 3) filed by Abdel Malek Al Safya ("Al Safya"). Leonard Oddo, et.al. (collectively, "Respondents") filed a response in opposition, with numerous exhibits (ECF No. 7). The petition is ripe for decision.

Al Safya, a citizen of Yemen, asserts that his continued detention since December 29, 2024 (when he presented himself to immigration officials due to fear of persecution in Yemen) violates due process because his removal is not likely to end in the foreseeable future due to his pending appeal before the United States Court of Appeals for the Eleventh Circuit (ECF No. 3 at 6). He also contends that his prolonged detention is affecting his physical and mental health and puts his family in a terrible situation because he was the sole supporter and food provider. (ECF No. 3 at 1, 3-4).

Respondents argue the petition should be summarily denied. Respondents report that the Eleventh Circuit Court of Appeals denied Al Safya's appeal. Respondents submitted a copy of the decision, dated August 24, 2026 (ECF No. 7-4).

Respondents report that Al Safya subject to a removal order from an immigration judge dated November 4, 2025 (ECF No. 7-2). The removal order was affirmed by the Board of Immigration Appeals ("BIA") on June 18, 2026 (ECF No. 7-3). As noted, the Eleventh Circuit Court of Appeals denied Al Safya's appeal and request for a stay of removal. Respondents report that Al Safya is currently scheduled for imminent removal (ECF No. 7-5).

Discussion

I. Claims unrelated to the legality or duration of Al Safya's detention

This court lacks jurisdiction to consider Al Safya's claims involving, among other things, inadequate medical care and mental health treatment, the conditions at Moshannon Valley Processing Center and the impact of his detention on his family. *See, generally*, ECF No. 3 at 3-4. A habeas petition can be used only to challenge the legality or the duration of detention; the proper means for seeking relief for a claim challenging the conditions of confinement is a civil rights action under § 1983, after any available administrative remedies have been exhausted. *Hill v. McDonough*, 547 U.S. 573, 579 (2006).

In *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87 (3d Cir. 2015) (affirming dismissal of a similar petition that asserted numerous legal theories), the court stated: "To the extent that Eiland challenged the adequacy of the medical care he is receiving, the Warden's response to his alleged sexual assault, the conditions at the prison, improper retaliatory conduct by prison officials, and his custody level, his claims do not sound in habeas corpus." *Id.* at 89. In *Eiland*, the Third Circuit Court of Appeals summarily affirmed that "[t]he District Court's dismissal of Eiland's § 2241 petition without prejudice to his right to file a proper civil rights action was

correct." *Id.* This court will likewise dismiss without prejudice Al Safya's claims unrelated to the legality or duration of his detention. *See Hill*, 547 U.S. at 579.

II. Unreasonable detention

With respect to Al Safya's detention, the government asserts it is not only proper, but mandatory pursuant to § 1231(a)(2), which provides, in relevant part: "During the removal period, the Attorney General shall detain the alien." Section 1231(a)(1) defines the "removal period":

> (A) In general
>
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

8 U.S.C. § 1231(a)(1)(A).

> (B) Beginning of period
>
> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) **If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.**
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added).

In this case, the BIA issued a removal order on November 4, 2025. Al Safya appealed the order to the Eleventh Circuit Court of Appeals, which issued its final order denying Al Safya's motion to stay his removal on August 24, 2026. Thus, the statutory removal period began on August 24, 2026. Pursuant to § 1231, Al Safya shall be detained during the removal period.

Al Safya's detention pursuant to § 1231 commenced approximately two months ago. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court established, for the sake of uniform administration, that a 6-month period of detention was presumptively reasonable. *Zadvydas*, 533 U.S. at 701. It is only "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

The Supreme Court further explained:

> This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* Al Safya is within the 6-month period of detention that is presumptively reasonable. The petition will be dismissed.

Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 3), will be denied. An appropriate Order will be entered.

Dated: November 10, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge